## Sacrey v. Louisville Ry. Co.

(Decided February 26, 1913.)

Appeal from Jefferson Circuit Court.
(Common Pleas Branch, Second Division.)

1.  Street Railroads—Action Against to Recover for Personal Injuries—Collision of Cars—Evidence—Question for Jury.—In an action

against a street railway company to recover for personal injuries alleged to have been sustained by the negligence of its servants in permitting the collision of two of its cars, the question was one for the jury; and as there was practically as much evidence tending to show that appellant was not injured by the collision as that she was so injured, there is as little ground for setting aside the verdict in appellee's favor on the ground that it is flagrantly against the evidence, as there would have been for setting it aside on that ground had it been in appellant's favor.

2. Verdict—When Verdict Should Be Set Aside.—It is only when there is no evidence to support the verdict, or it is flagrantly against the evidence that it should be set aside.

3. Argument of Counsel—Complaint of Misconduct of Counsel.—In view of the failure of appellant to make specific denials of the testimony of a physician that he had treated her for complaints similar to these with which she then suffered, counsel for appellee had the right to comment thereon in argument in the language employed by him, and his statements were within the bounds of legitimate argument.

POPHAM, TRUSTY & ROOSE, for appellant.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE, for appellee.

### Opinion of the Court by Judge Settle—Affirming.

Appellant sued appellee in the court below to recover damages for personal injuries alleged to have been sustained by her, because of the negligence of its servants in permitting the collision of two of its street cars they were operating, in one of which she was at the time a passenger. The trial resulted in a verdict in favor of appellee, and from the judgment entered thereon this appeal is prosecuted.

The cars involved in the collision were operated on Second Street and East Broadway, in the city of Louisville, and the collision occurred on Second Street, near Guthrie, as the Second Street car, on which appellant was a passenger, was proceeding southwardly. Appellee's answer admitted that appellant was a passenger on the car, but denied that she was injured, and upon this issue alone the case was submitted to the jury.

Three grounds were filed in support of appellant's motion for a new trial and these grounds are now urged for a reversal:

(1) That the verdict is flagrantly against the evidence; (2) that the court erred in submitting to the jury the question whether or not appellant was injured; (3) misconduct of appellee's counsel.

According to appellant's own testimony, when the collision occurred she was sitting on the third or fourth seat from the front of the Second Street car, on the right of the aisle, and was looking out of the window on her right; that the force of the collision threw her against the seat in front of her, then against the window sill and finally back on the seat she had been occupying; that contact with the seat in front bruised one of her legs, and that by her fall against the car window and again to the seat she had been using, her back was wrenched, side injured and coccyx bone, or end of the spine, shattered; the latter injury resulting, as claimed, from the contact of that part of her person with the edge of the seat. There were ten or twelve passengers on the car besides appellant, one of whom, Thomas H. Robinson, was introduced by appellant, and none of them by appellee. Robinson, who had also sued for injuries, claimed to have been received at the same time, testified that the force of the collision was so great that it knocked him from where he was sitting against the seat in front of him, thence to the floor of the car.

Four of appellee's servants, the conductor and motorman on each of the cars, testified that the East Broadway car had been stopped before the collision and was slowly starting again when struck by the Second Street car, which was also moving slowly when they came together, and that the force of the collision was slight, so slight, indeed, that the motormen, though each was at the post of duty on the front platform of his car, were not thrown from their balance or in any wise injured.

The conductors and motormen also testified that immediately following the collision each of the cars proceeded on its way and that neither the appellant, Robinson, nor any of the passengers on the Second Street or East Broadway car, at the time of or following the collision, made to them any complaint of injuries received.

Appellant admitted that she made no such complaint, and that after riding out as far as St. Catherine Street, she left the car and walked a block to the Baptist Orphanage at First and St. Catherine Streets, where she was in charge of the kindergarten work.

It may be here remarked that although the evidence introduced in appellee's behalf, as well as that introduced for appellant, proved beyond a doubt the collision complained of by the latter, it was very conflicting as to the

character of the collision; that furnished by appellant and her witness, Robinson, conducing to show that it was of unusual force and attended with consequences hurtful to both of them; and that of appellee that it was so slight that it could not have resulted in injury to either of them or any other passenger on either car.

What we have said with respect to the evidence as to the character of the collision, may also be said as to that with respect to the character of appellant's injuries. According to her own testimony she continued her duties as teacher for ten days following the accident without consulting a physician, although her sufferings continued the entire time; on the tenth day she called at the office of her family physician, Dr. Hollingshead, to obtain relief, but admitted she did not, in conferring with him then, attribute her injuries or illness to the street car collision or inform the physician of the collision. After obtaining the advice of the physician, and perhaps a prescription, she went to her home but was on the following day so ill that she was unable to resume her duties in the school room, and, during the day, called Dr. Hollingshead to visit her. During that visit the doctor was first advised by appellant, or some member of her family, of the collision and of appellant's complaint that her illness was caused by injuries thereby sustained. Dr. Hollingshead then made an examination of appellant's person, but discovered none of the injuries of which she complained, except an abrasion of the skin upon one of her legs. He, however, while at her residence called appellee's chief office over the telephone and gave them information of appellant's complaint of having been injured in the collision. Being dissatisfied with the examination he then made, the physician advised her he would give her a thorough examination but preferred having another physician with him in conducting it, and on the following day, returned with Dr. Ewing Marshall, the latter being at that time the regular surgeon of appellee. The two physicians then made an examination of appellant's person and, according to their testimony, were unable to discover any of the injuries of which she complained. In other words, that there was no fracture of coccyx or displacement of a kidney.

Appellant further testified that although Dr. Hollingshead had been her family physician for seven or eight years, she became distrustful of him because of his

having associated Dr. Marshall, appellee's surgeon, in the examination made of her person, and concluded to secure the services of another physician; she thereupon called Dr. Peak to see her who, from that time, had charge of her case. Upon his advice she went to a hospital for an operation, which he later performed.

Dr. Peak testified in appellant's behalf, that upon examining her, he discovered a painful bruise on her right leg, a displacement of one of her kidneys, and a fracture of the coccyx, which injuries might have been and, in his opinion, were caused by the street car collision. That following appellant's removal to the hospital he treated the bruise on her leg, the fractured coccyx and, by a necessary operation, restored the displaced kidney to its proper position; that appellant's injuries caused her great pain and suffering and were such as to permanently impair or lessen her ability to earn money.

In addition to his testimony already referred to, Dr. Hollingshead testified that when appellant called at his office, and on each of the later occasions when he visited her at her home, she was suffering with an illness for which he had frequently treated her during his seven or eight years professional relations with her, namely, rheumatism, nervous prostration and hysteria.

Under the evidence, a synopsis of which we have attempted to give, the case was clearly one for the jury; and as there was practically as much evidence tending to show that appellant was not injured by the car collision as that she was so injured, there is as little cause for setting aside the verdict in appellee's favor on the ground that it is flagrantly against the evidence, as there would have been for setting it aside on that ground had it been in appellant's favor.

Notwithstanding the present contention of appellant's counsel that the only question properly triable by the jury was as to the amount of the damages she should be awarded, we do not find that he asked an instruction from the court peremptorily directing a finding for the appellant and which would have left them to consider the evidence only for the purpose of determining the amount of the damages.

The instructions given not only left it to the jury to fix the amount of the damages in the event of a finding for appellant, but they also properly left it to them to

determine from all the evidence, whether the appellant was injured by the collision as claimed, or whether her ill health came from the former complaints for which her family physician had previously treated her.

It is not for us to say in whose favor the evidence preponderates, or whether or not we would, in considering it, have reached the same conclusion expressed by the verdict. The assumption of such authority by the courts would be an unwarranted invasion of the province of the jury. It is only when there is no evidence to support the verdict, or it is flagrantly against the evidence, that we are authorized to set it aside.

We fail to find any merit in appellant's complaint of misconduct on the part of appellee's counsel. The alleged misconduct consisted in the following statements made in argument to the jury.

"Why didn't they, (meaning appellant and her counsel), recall the plaintiff to the stand to deny the statement of Dr. Hollingshead that plantiff had for years had the same troubles she now sues for; that she was a nervous, hysterical and physical wreck before the accident and that he treated her time and again for the very things she is complaining of in this suit. By failure to put the plaintiff on the stand to deny these statements of Dr. Hollingshead, they admit and stand confessing in this court that these statements and the testimony of Dr. Hollingshead are true."

It appears that the trial court overruled an objection made by appellant's counsel to the foregoing statements, to which ruling the latter excepted. We find no error in this ruling. The statements of counsel were, we think, within the bounds of legitimate argument. Appellant, when testifying as a witness, admitted that she had received medical treatment, at times, from Dr. Hollingshead during the several years he was her family physician, but only, in general terms, denied that such treatment was for complaints like those with which she suffered after the car collision. She did not then or in rebuttal, deny certain specific statements made by Dr. Hollingshead as a witness, as to ailments for which he had treated her, and which he declared to be the same under which she was laboring when she came to him for treatment after the collision in which she claimed to have been injured. In view of her failure to make such specific denials, counsel for appellee had the right to

comment thereon in argument to the jury in the language employed by him. He should not, however, have said to the jury, following objection of opposing counsel and the court's ruling thereon, "Gentlemen, when the attorney for plaintiff makes his argument, he will say things that I cannot reply to, but I will not butt in as Popham has." But this statement was so inconsequential that counsel for appellant probably made a mistake in objecting to it and thereby giving it a seeming importance which would not otherwise have been apparent.

Obviously appellant could not have been prejudiced by this statement and the failure of the court to sustain the objection to it was harmless error.

The record as a whole being without prejudicial error the judgment is affirmed.